IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERVIN LEE, JR.,
    Petitioner,

vs.                                          Case No.: 3:15cv175/MCR/EMT

ATTORNEY GENERAL OF THE
STATE OF FLORIDA,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

        Petitioner commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (doc. 1). He paid the filing fee. Upon review of the petition, the undersigned determined that a jurisdictional basis for this action did not appear to exist. Therefore, the court required Petitioner to show cause why this action should not be dismissed for lack of jurisdiction (*see* doc. 4). Petitioner responded to the show cause order, contending that this court has jurisdiction to entertain the § 2254 petition (*see* doc. 5 at 1–3).[1] He requests that if this Court determines it does not have jurisdiction, the court transfer the petition to the United States District Court for the District of Kansas, instead of dismissing it (*id.* at 3–4).

        The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that the habeas petition should be dismissed.

---

[1] The page references used in this Order reflect the page numbers as enumerated in the court's electronic docketing system rather than those Petitioner may have assigned.

I.  BACKGROUND

Petitioner challenges the legality of his extradition from the State of Florida to the State of Kansas in 1997 (*see* doc. 1 at 2, 14–17; *see also* doc. 5 at 1–3). He states he was arrested in 1997 in Escambia County, Florida on a fugitive warrant issued by Shawnee County, Kansas (doc. 1 at 14). He alleges upon his arrest, he was charged in the Circuit Court for Escambia County, Florida, Case No. 1997-CF-000252, with defrauding an innkeeper (*id.*). Petitioner states he was sentenced to a term of incarceration, and after he "remained in the Court system for some 19 months," he was extradited to the State of Kansas (*id.* at 15).[2] Petitioner alleges that during that 19-month period, he was never brought before a Florida court, notified of the charge pending against him in Kansas, advised of his right to counsel, or provided an opportunity to consent to or contest extradition (doc. 1 at 15; doc. 5 at 2–3). He alleges after he was extradited to Kansas, he remained there for ninety days, "completed the proceedings," and was returned to Florida to complete service of his Florida sentence (doc. 1 at 15).[3]

---

[2] The court takes judicial notice of information available on the database maintained by the Escambia County Florida Clerk of the Circuit Court, viewed May 13, 2015, http://www.escambiaclerk.com, which indicates that on January 29, 1997, Petitioner was charged in Case No. 1997-CF-000252 with one count of defrauding an innkeeper. *See* Fed. R. Evid. 201; United States v. Berrojo, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries). On March 20, 1998, Petitioner entered a no contest plea to a misdemeanor charge. The court accepted Petitioner's plea, adjudicated him guilty, and sentenced him to one year in the county jail to run concurrently with his sentence in Case No. 1997-CF-000835, and with pre-sentence credit of one year. The court's online public docket indicates that on March 13, 1997, Petitioner was charged with engaging in a scheme to defraud. Following a jury trial on October 2, 1997, he was found guilty as charged. On December 15, 1997, the court adjudicated him guilty and sentenced him to ten years in prison with credit for 301 days. On February 22, 2001, the trial court vacated Petitioner's sentence and re-sentenced him to 44 months in prison with credit for 301 days plus any time served.

[3] The court takes judicial notice of information available on the database maintained by the Clerk of Court for the Third Judicial District, Shawnee County, Kansas, viewed May 13, 2015, https://public.shawneecourt.org, which indicates that on November 4, 1996, Petitioner was charged in Case No. 1996-CR-003581 with one count of theft by deception. Petitioner appeared for a first appearance on August 19, 1998. On September 30, 1998, Petitioner and his appointed counsel appeared in court, and Petitioner entered a no contest plea to misdemeanor theft. The court accepted Petitioner's plea, adjudicated him guilty, and sentenced him to time served and payment of restitution in the amount of $2,500.00.

Petitioner contends his extradition from Florida to Kansas without counsel, notice of the charge against him, an opportunity to confront and cross examine witnesses, and a hearing, violated his rights under the Sixth and Fourteenth Amendments (doc. 1 at 2, 14–17; *see also* doc. 5 at 1–3). As relief, he requests "all matters from the 1997 date be stricken from the record with regard to the matters in Kansas," "the criminal matter in Escambia County [ ] be reviewed and removed from the record," and "the matter of extradition be stricken from the record as far as the State of Florida is concerned and that all mention of a fugitive warrant, and the matters related to extradition as far as Florida is concerned be stricken from the record" (doc. 1 at 16; doc. 5 at 3).

II.     ANALYSIS

Petitioner's challenge to the legality of his extradition from the State of Florida to the State of Kansas does not provide a basis for federal habeas relief. *See* Harden v. Pataki, 320 F.3d 1289, 1299 (11th Cir. 2003) (noting that upon extradition, federal habeas corpus is no longer available for a petitioner to challenge the constitutionality of his extradition). As the court in Harden explained:

> In the case of extradition, "[o]nce a fugitive has been brought within custody of the demanding state, legality of extradition is no longer proper subject of any legal attack by him." Siegel v. Edwards, 566 F.2d 958, 960 (5th Cir. 1978) (per curiam). Specifically, "a person forcibly abducted from one state without warrant or authority of law and placed in the demanding state's custody does not have a claim for release in habeas corpus." Johnson v. Buie, 312 F. Supp. 1349, 1351 (W.D. Mo. 1970) (cited with approval in Siegel, 566 F.2d at 960). "Once the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue." Barton v. Norrod, 106 F.3d 1289, 1298 (6th Cir. 1997).

*Id.* at 1299 (footnote omitted); *see also* Frisbie v. Collins, 342 U.S. 519, 522, 72 S. Ct. 509, 96 L. Ed. 542 (1952) ("This Court has never departed from the rule announced in Ker v. Illinois, 119 U.S. 436, 444, 7 S. Ct. 225, 229, 30 L. Ed. 421 (1886), that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.'"). The legality of Petitioner's extradition from Florida to Kansas is no longer the proper subject of any legal attack by Petitioner. Therefore, it provides no basis for federal habeas relief.

To the extent Petitioner challenges his Florida conviction, habeas corpus relief is only available to those who are "in custody" in violation of the Constitution or laws of the United States.

*See* 28 U.S.C. § 2254(a).  Since Petitioner admits he is not in custody (*see* doc. 5 at 2), he does not meet this requirement, and this court is therefore without jurisdiction to hear the case in habeas corpus.  *See* 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490–91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989); Carafas v. LaVallee, 391 U.S. 234, 238, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968).  Further, Petitioner states he is not challenging the judgment of conviction and sentence in the Kansas criminal proceeding (*see* doc. 5 at 2).  Therefore, transfer of this case to the federal district court in Kansas is not appropriate.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the habeas petition (doc. 1) be **DISMISSED**.
2. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 14th day of May 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  3:15cv175/MCR/EMT